# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
TERRI E. SCARBRO,                 *
                                  *    No. 17-1604V
            Petitioner,           *    Special Master Christian J. Moran
                                  *
v.                                *    Filed: February 6, 2023
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * * * * * * * * **
```

<u>Samantha P. Travis</u>, Ogle Worm & Travis, PLLP, Kalispell, MT, for Petitioner;
<u>Ryan D. Pyles</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Terri Scarbro's motion for final attorneys' fees and costs. She is awarded **$40,238.99.**

\*       \*       \*

On October 25, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 31, 2017, caused her to suffer Guillain-Barré syndrome. The parties retained medical experts,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

with petitioner submitting reports from Dr. Christopher Lock and respondent submitting reports from Dr. Callaghan. On March 9, 2021, the undersigned issued an order for submissions in advance of potential adjudication, along with a tentative finding regarding entitlement that based on the submitted evidence, petitioner had not persuasively established a diagnosis of GBS and, even if she had, the likely onset was fairly long after her vaccination. Tentative Finding Denying Entitlement, filed Mar 9, 2021, at 3. Thereafter, on May 20, 2021, petitioner filed a motion for a decision dismissing her petition and on June 11, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 2818516 (Fed. Cl. Spec. Mstr. Jun. 11, 2021).

On December 10, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests $54,450.99 in fees and costs for her undersigned counsel and $10,402.02 for the work of co-counsel for a total request of $64,853.01. Fees App. at 4. Pursuant to General Order No. 9, petitioner has indicated she has not incurred any costs related to the prosecution of her petition. Id. at 33. On December 21, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

On August 18, 2022, the undersigned issued an order for petitioner to file additional information concerning work performed by outside counsel, Mr. Thomas Murphy, who represented petitioner in workers' compensation and social security disability claims. Specifically, the undersigned sought information as to whether Mr. Murphy had already received compensation for representing petitioner in her other claims and whether any of the hours he now seeks compensation for were redundant with hours already billed in other claims or hours billed by Ms. Travis. Petitioner filed her supplemental filing on September 16, 2022, arguing that all of the hours billed by Mr. Murphy are reasonable and that his involvement was necessary as the primary point of contact with petitioner due to his closer proximity to her. Respondent filed his response on September 30, 2022, arguing that the hours billed by Mr. Murphy should not be reimbursed or, in the alternative, be reduced to reflect excessive and duplicative efforts between Mr. Murphy and Ms. Travis. Petitioner filed a reply on October 14, 2022, reiterating her belief that the hours billed for Mr. Murphy were reasonable.

The matter is now ripe for disposition.

*       *       *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty.

3

<u>Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests that her counsel, Ms. Samantha Travis, be compensated at $370.00 per hour for all work performed in this case (spanning from 2017 to 2021). Ms. Travis's reasonable hourly rates require further discussion.

The rates requested for 2017-2019 must be reduced because they exceed what has previously been determined to be reasonable for those years. <u>Hayes v. Sec'y of Health & Human Servs.</u>, No. 18-804V, 2019 WL 6598331, at *2 (Fed. Cl. Spec. Mstr. Sept. 30, 2019) (awarding Ms. Travis $230.00 per hour for work performed in 2017, $245.00 per hour for work performed in 2018, and $260.00 per hour for work performed in 2019); <u>Rojas v. Sec'y of Health & Human Servs.</u>, No. 14-1220V, 2017 WL 6032300 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). Ms. Travis did not appeal the determination of her reasonable hourly rates in <u>Hayes</u> and there have not been any subsequent decisions concerning reasonable rates for Ms. Travis between the issuing of <u>Hayes</u> and the instant fees decision. The undersigned finds these rates reasonable for Ms. Travis' work from 2017-2019 and shall award them herein. The remaining question is determining a reasonable hourly rate for Ms. Travis' work in 2020 and 2021.

Ms. Travis was barred in 2008, giving her approximately 12 years of experience in 2020. Although by her own admission she does not ask for forum rates, Ms. Travis contends that $370.00 is reasonable based on her credentials and other federal cases taken by Montana attorneys on a contingency fee basis. Pet.'s Brief in Support of Fees, filed December 10, 2021, at 3-5. However, upon review, the undersigned finds that $370.00 per hour is excessive for Ms. Travis' work in this case. For example, were she entitled to forum rates, Ms. Travis would be entitled to a 2020 rate between $338-$422 per hour as established for attorneys with 11-19 years of experience. Given that her overall experience is on the lower end of that range and that her Vaccine Program experience is relatively limited (the instant case is Ms. Travis' fourth Vaccine Program to reach the fees stage, while a fifth remains pending), the undersigned would expect a reasonable forum rate to be at the lower end of the established range, and that a non-forum rate would be lower than that. The undersigned further notes that typical hourly rates in other federal cases tend to be higher than those awarded in the Vaccine Program due to the fact that attorneys' fees can be awarded even when petitioner's claim is unsuccessful provided the case proceeded in good faith and had a reasonable basis. This "risk premium" was noted by the special master in <u>McCullough</u> in establishing the forum rate tables. 2015 WL 5634323 at *19.

Based on the foregoing, the undersigned finds it reasonable to compensate Ms. Travis at $275.00 per hour for work performed in 2020 and $290.00 per hour for work performed in 2021. Application of the aforementioned rates results in a reduction of $12,827.00.[2]

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds that the hours billed by Ms. Travis are largely reasonable, although a small reduction is necessary for the following reasons. Most notably, Ms. Travis billed 11.0 hours to travel to meet with petitioner on March 27, 2017. However, she has not delineated how much of this time was for the meeting and how much was for travel, which is compensated at one-half of an attorneys' usual hourly rate absent evidence that case work was being performed while traveling. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Additionally, Ms. Travis has billed several entries for "File Review" without any explanation as to what work was specifically being performed and several more entries for communication with Mr. Murphy which, for the reasons discussed in greater detail later in this decision, are not reasonable to bill.

For all these reasons, the undersigned finds that a reduction of $2,200.00 to the attorneys' fees is necessary to achieve "rough justice.' See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec.

---

[2] This amount is calculated as follows:

2017: ($370 per hour billed - $230 per hour awarded) * 29.1 hours billed = $4,074.00.
2018: ($370 per hour billed - $245 per hour awarded) * 37.0 hours billed = $4,625.00.
2019: ($370 per hour billed - $260 per hour awarded) * 19.8 hours billed = $2,178.00.
2020: ($370 per hour billed - $275 per hour awarded) * 11.6 hours billed = $1,102.00.
2021: ($370 per hour billed - $290 per hour awarded) * 10.6 hours billed = $848.00.

Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $28,136.50.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $11,287.49 in attorneys' costs incurred by Ms. Travis. This amount is for acquisition of medical records, the Court's filing fee, process server costs, mileage, and work performed by petitioner's medical expert, Dr. Christopher Lock. Fees App. Ex. 4. The non-expert costs are reasonable in the undersigned's experience and shall be fully reimbursed. The costs for Dr. Lock's work require further discussion.

Dr. Lock billed a total of 20 hours at $500.00 per hour to review medical records and literature and prepare two expert reports. Dr. Lock is board certified in neurology and is currently a clinical associate professor in the department of neurology and neurological sciences at Stanford University. However, Dr. Lock noted that he specializes in multiple sclerosis and neuroimmunology and that he does not treat patients with GBS. This lack of familiarity with GBS ultimately did not serve petitioner's claim well. For example, respondent's expert, who does have a strong background in diagnosing and treating GBS, opined that petitioner did not meet the diagnostic criteria for GBS based on her symptoms and health. Tentative Finding Denying Entitlement at 2. Petitioner's lack of background in GBS meant he was not able to effectively rebut respondent's expert. Dr. Lock also presented timing windows for onset of symptoms that are not supported by the current body of knowledge on GBS. <u>Id.</u> Accordingly, based upon the quality of the work product submitted into the record, the undersigned finds that $300.00 per hour is reasonable for Dr. Lock's work in the instant case. Dr. Lock's hours billed are reasonable. Therefore, a reasonable amount for Dr. Lock's work is $6,000.00.

Finally, petitioner requests a total of $12,870.00 for work performed by "co-counsel", Mr. Tommy Murphy. This amount is comprised of $9,870.00 in fees for Mr. Murphy and $3,000.00 in costs for a rebuttal report by Dr. Lock. Concerned that some of the efforts by Mr. Murphy might be duplicative of those already billed by Ms. Travis, the undersigned issued an order August 18, 2022, seeking greater detail on Mr. Murphy's role in the case. Petitioner notes that Mr. Murphy was initially retained to pursue her workers' compensation claim and that once she became aware that she could file a claim with the Vaccine Program, he reached out to Ms. Travis because she is "one of the only attorneys licensed to practice at the

6

United States Court of Federal Claims" in Montana. Pet.'s Supp. Filing at 3. Thereafter, Mr. Murphy "remained the primary point of contact with Petitioner and was responsible for obtaining all necessary medical information/documentation throughout the vaccine claim" and the hours he billed were only those related with assisting petitioner on her Vaccine Program claim and that the hours were not duplicative with those of Ms. Travis because the total time billed to complete certain tasks was reasonable. Id. at 3-5.

The undersigned finds petitioner's arguments concerning the reasonableness of Mr. Murphy's continued involvement in the case unavailing. The court should exclude "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 451 U.S. 424, 434 (1983); see also Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley, 461 U.S. at 433-34) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."). In the instant case, a petitioner probably would not have wanted to pay for Mr. Murphy's assistance in the instant case once Ms. Travis was retained. Mr. Murphy has no prior Vaccine Program experience, hence why he needed to refer petitioner to Ms. Travis. Although Mr. Murphy's close proximity to petitioner was likely a benefit for Ms. Travis, it is not necessary in the Vaccine Program, where petitioners are routinely effectively represented by counsel who are located hundreds and sometimes thousands of miles away from them. There is little reason to believe a petitioner would pay for additional counsel to serve largely as a liaison to their more experienced counsel.

The general vagueness of Mr. Murphy's billing entries also does not assist the undersigned in determining what time of his billed is reasonable. Thus, the undersigned will break Mr. Murphy's billing into four time periods in order to assist in determining what time billed, if any, is reasonable.

Mr. Murphy's initial intake with petitioner was November 8, 2016. On March 22, 2017, Mr. Murphy first made contact with Ms. Travis. The time spent between these two dates was for preparing a representation agreement and obtaining and reviewing medical records. There is nothing to indicate any of these tasks were performed in furtherance of her Vaccine Program claim as opposed to her workers' compensation claim. Accordingly, the undersigned does not find any of this time reasonably billed to the Vaccine Program.

The next time period is from March 22, 2017, to October 25, 2017, when Ms. Travis filed the petition in this case. During this time period, Mr. Murphy continued to acquire and review medical records as well as forward those records

to Ms. Travis and the parties had several meetings concerning the transfer of representation to Ms. Travis. It is not uncommon for local counsel to refer a potential Vaccine Program claim to more experienced counsel and receive some compensation for the time spent in doing so. Upon review, the time billed by Mr. Murphy in this period is reasonable and shall be fully reimbursed.

The next time period is from October 26, 2017, until February 8, 2018, when petitioner's workers' compensation claim was settled and finalized by the court, from which Mr. Murphy was paid a contingency of 20% of the settlement. During this time, Mr. Murphy corresponded with Ms. Travis, drafted a medical chronology memo, and met with petitioner's husband to prepare an affidavit and a video. It is not clear why a medical chronology would need to be prepared in furtherance of petitioner's claim after the petition was already filed. However, Mr. Murphy's work of preparing an affidavit does not appear duplicative of any work performed by Ms. Travis at this time. Of the 4.95 hours billed during this time period, the undersigned finds 3.0 to be reasonable.

The final period of time is from February 9, 2018, until the end of the case. During this time, Mr. Murphy's work can solely be attributed to petitioner's Vaccine Program claim. However, much of this work was unnecessary and duplicative of Ms. Travis' efforts. For example, Mr. Murphy billed 1.0 hour on "Onset Affidavit" after Ms. Travis billed over fourteen hours preparing the same document. Mr. Murphy billed another hour for "Medical Record Subpoena, Contacted Process Server, Email to Co-Counsel" while Ms. Travis and her paralegal billed over five hours on the same task. A similar issue exists in reviewing the work of Dr. Lock.

Petitioner argues that "[t]hese overlapping billing entries were necessary in order to effectively advocate for Petitioner. Further, they were not duplicative as the total time spent drafting pleadings was reasonable under the circumstances. Finally, having another attorney review and edit the pleadings increases the quality of work submitted to the Court." Pet.'s Supp. Filing at 4. However, upon review, the undersigned finds that adding Mr. Murphy's time to the time billed by Ms. Travis would lead to an excessive amount of time billed on preparing and reviewing filings. For example, the time billed by Ms. Travis in preparing an affidavit is on the high side, although not out of the question for an attorney with limited Vaccine Program experience. It would not be reasonable, however, for an attorney with less experience to also review that document.

Mr. Murphy's other billing entries during this time are almost entirely correspondence with Ms. Travis or attending meetings which Ms. Travis also

8

attended. Petitioner has not established why it would be necessary for both Ms. Travis and Mr. Murphy to attend a meeting with Dr. Lock (e.g., what additional experience and insight did Mr. Murphy provide that was not already possessed by Ms. Travis beyond merely providing another set of eyes and ears?).

In sum, the undersigned has reviewed Mr. Murphy's billing and finds that $3,015.00 is a reasonable reimbursement for his work on the instant case, representing necessary work he performed that was not duplicative of work already performed by Ms. Travis. Additionally, Mr. Murphy incurred $3,000.00 in costs, representing 6 hours of work from Dr. Lock. This time is reasonable but shall be compensated at $300.00 per hour. A reasonable reimbursement for Dr. Lock's supplemental report to Mr. Murphy is therefore $1,800.00. Petitioner is awarded $4,815.00 for Mr. Murphy's fees and costs.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$40,238.99** (representing $28,136.50 in attorneys' fees, $7,287.49 in attorneys' costs, and $4,815.00 in fees and costs incurred by Mr. Murphy) as a lump sum in the form of a check jointly payable to petitioner and Ms. Samantha Travis.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.